Filed 1/14/16  P. v. Moore CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THOMAS EUGENE MOORE,<br><br>     Defendant and Appellant. | C078523<br><br>(Super. Ct. No. 99F00713) |

Defendant Thomas Eugene Moore appeals from the trial court's denial of his petitions for resentencing pursuant to Penal Code sections 1170.126 and 1170.18. Appointed counsel for defendant filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436).)  We affirm.

"On January 25, 1999, Barry O'Sullivan was working as manager at the Rent-a-Center store on Florin Road.  About 6:45 p.m., he was assisting a couple with a rental

1

application when defendant entered and approached the counter. Defendant had a scraggly beard and was wearing a heavy long black coat with a hood.

"Defendant pulled a dark stocking mask down over his face, brandished a length of pipe, pretending it was a gun, and demanded money. O'Sullivan initially refused. But after defendant repeated the demand, O'Sullivan put $870 in big bills into a brown paper bag held by defendant." He then fled the store but was later apprehended. (*People v. Moore* (Dec. 27, 2012, C037544) [nonpub. opn.] at pp. 2-3.)

A jury found defendant guilty of second degree robbery and sustained three strike and serious felony allegations. (*People v. Moore*, *supra*, at p. 1.) Defendant was sentenced to 25 years to life plus 15 years. (*Ibid*.) We affirmed his conviction in an unpublished opinion. (*Ibid*.)

Defendant filed a petition for resentencing on his three strikes term pursuant to Penal Code section 1170.126. The trial court denied the petition because defendant's robbery conviction rendered him ineligible for resentencing. Defendant then filed a motion for reconsideration, which the trial court dismissed.

Defendant also filed a separate petition for resentencing pursuant to Penal Code section 1170.18. The trial court denied the petition because defendant's conviction was ineligible for Penal Code section 1170.18 resentencing. Defendant filed a motion for reconsideration of this petition, which was also denied.

Defendant filed separate and timely notices of appeal from the denials of both petitions.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal

from an order denying a petition brought pursuant to Penal Code section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first

2

appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

Defendant filed a supplemental brief contesting the denial of his Penal Code section 1170.18 petition. He argues that since he took less than $950 from his victim and that preliminary hearing testimony establishes that he did not use force or fear to take the money, his robbery conviction should have been redesignated as petty theft.

The passage of Proposition 47 created Penal Code section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14.)

Among the crimes amended by Proposition 47 is grand theft, Penal Code section 487. Proposition 47 effectively amended the grand theft statute by adding Penal Code section 490.2, which provides that, subject to exceptions not relevant here, a "theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a

3

misdemeanor . . . ." (§ 490.2, subd. (a).) Robbery is not among the crimes listed by Proposition 47 as being reduced to a misdemeanor. (§ 1170.18, subd. (a).)

Defendant's robbery conviction is final and the alleged absence of an element of that offense cannot be raised in a Penal Code section 1170.18 petition, which addresses only whether a qualifying felony conviction should be redesignated and resentenced as a misdemeanor. Theft is only a lesser included offense of robbery, which has the additional element of force or fear. (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055.) Robbery is a distinct crime from theft and is therefore ineligible for Penal Code section 1170.18 resentencing.

Defendant also claims he was improperly denied the right to personally appear and represent himself at the Penal Code section 1170.18 hearing. We have held that a court can find a defendant ineligible for Proposition 36 resentencing under Penal Code section 1170.126 without holding a formal hearing. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1340-1341.) This is equally applicable to the analogous resentencing procedure in Penal Code section 1170.18. Defendant therefore had no right to appear or represent himself at a hearing that the trial court did not have in this case.

Defendant finally contends the court erred in denying his motion for reconsideration. The court's initial ruling was correct, as defendant's robbery conviction was ineligible for resentencing. The denial of the reconsideration motion was therefore also correct.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

4

DISPOSITION

The judgment (orders) is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hull, J.